UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATE DEPARTMENT OF AGRICULTURE,<br><br>     Plaintiff,<br><br>v.<br><br>DEBRA A. LAMONDA,<br><br>     Defendant | Case No. 1:25-cv-00196-JAW |

ANSWER OF DEFENDANT
TO COMPLAINT FOR FORECLOSURE AND SALE

Defendant Debara A. LaManda answers the Complaint of the United States Department of Agricultiure and says:

1. Defendant admits the allegations of Paragraph 1 of the Complaint.

2. Defendant admits the allegations of Paragraph 2 of the Complaint.

3. Defendant admits the allegations of Paragraph 3 of the Complaint.

4. Defendant admits the allegations of Paragraph 4 of the Complaint.

5. Defendant denies the allegations of Paragraph 5 of the Complaint but admits that she executed and delivered the promissory note to the United States of America.

6. Defendant denies the allegations of Paragraph 6 of the Complaint but admits that she granted the mortgage in issue to the United States of America.

7. Defendant admits the allegations of Paragraph 7 of the Complaint.

8. Defendant admits the allegations of Paragraph 8 of the Complaint.

9. Defendant admits the allegations of Paragraph 9 of the Complaint.

10. Defendant denies the allegations of Paragraph 10 of the Complaint.

11. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 11 of the Complaint.

12. Defendant admits the allegations of Paragraph 12 of the Complaint.

13. Defendant admits the allegations of Paragraph 13 of the Complaint.

14. Defendant admits the allegations of Paragraph 14 of the Complaint.

15. Defendant admits that Plaintiff is making the certification stated in Paragraph 15 of the Complaint but asserts that said certification is false and that Plaintiff is not the owner of the note and the mortgage and is not the party entitled to enforce them.

## ADDITIONAL DEFENSES

A. "The United States Department of Agriculture" is not the real party in interest and has no standing to maintain this action as the promissory note is payable to "the United States of America" and the grantee and owner of the mortgage for which foreclosure is sought is "the United States of America."

B. The complaint fails to state a claim upon which relief can be granted because Plaintiff failed to comply with the provisions of 14 M.R.S. § 6111.

C. Plaintiff has waived its rights of foreclosure under the mortgage it seeks to foreclose.

D. Plaintiff's claims are barred by the doctrine of equitable estoppel.

E. Plaintiff's claims are barred due to the laches of Plaintiff in the enforcement of its rights under the mortgage.

F. Plaintiff's claims are barred by the doctrine of unclean hands due to the conduct of the Plaintiff in its dealings with Defendant and the mortgaged property in connection with the mortgage.

WHEREFORE, Defendant demands judgment against Plaintiff and that she be awarded her costs and attorney fees incurred in the defense of this action.

DATED: June 1, 2025

/s/ Thomas A. Cox
Thomas A. Cox, Esq. Me. Bar No. 1248
*Attorney for Defendant Debra A. LaMonda*

P.O. Box 1083
Yarmouth, ME 04096
(207) 749-6671
tacsail@icloud.com


/s/ Emma Halas-O/Connor
Emma Halas-O/Connor Esq. Me. Bar No.6532
*Attorney for Defendant Debra A. LaMonda*

Pine Tree Legal Assistance
P.O. Box 547
Portland, ME 04112
(207) 400-3226
ehalasoconnor@ptla.org