**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| UNITED STATES DEPARTMENT OF AGRICULTURE,<br><br>PLAINTIFF<br><br>v.<br><br>DEBRA A. LAMONDA,<br><br>DEFENDANT<br><br>MIDLAND FUNDING LLC,<br><br>PARTIES-IN-INTEREST | **CIVIL ACTION NO.:** 1:25-cv-00196-JAW |

**CONSENT JUDGMENT OF FORECLOSURE AND ORDER OF SALE**
**(Title to Real Estate Involved)**
**Mortgage Recorded in North Aroostook County Registry of Deeds at Book 4323, Page 71**
**Street Address: 1107 Van Buren Road, Caribou ME 04736**

Plaintiff, the United States Department of Agriculture ("Plaintiff" or "USDA"), and Debra A. Lamonda ("Defendant" or "Ms. Lamonda"), hereby consent, by and through their respective undersigned counsel, to the entry of Judgment of Foreclosure and Order of Sale with respect to that certain real estate located generally at or about 1107 Van Buren Road, Caribou, ME 04736 (the "Property"), as follows:

1. The following information is included in the Judgment pursuant to 14 M.R.S.A. § 2401(3):

| Party | Counsel |
|---|---|
| United States Department of Agriculture<br>P.O. Box 66827<br>St. Louis, MO 63166. | Stephean C. Chute, Esq., Bar No. 06828<br>Braucher & Associates, PLLC<br>764 Chestnut Street, Suite 1<br>Manchester, NH 03104 |

| | |
|---|---|
| Debra A. Lamonda<br>74 Carmichael Street Apt. E<br>Presque Isle, ME 04769 | Thomas A. Cox, Esq.<br>P.O. Box 1083<br>Yarmouth, Maine 04096<br>(207) 749-6671<br>tacsail@icloud.com |

b. The docket number of this case is: 21:25-cv-00196-JAW.

c. i. Service of the Summons and Complaint [ECF 1] for Foreclosure And Sale required by Fed. R. Civ. P. 4(e)(1) was made in hand upon Defendant, Debra A. Lamonda, and Defendant has received notice of this action in accordance with the Maine Rules of Civil Procedure. Me.R.Civ. P. 4(c)(2).

ii. Service of the Summons and Amended Complaint for Foreclosure And Sale [ECF 43] required by Fed. R. Civ. P. 4(e)(1) was made in hand upon the Defendant, Party-In-Interest, Midland Funding LLC and the Defendant, Party-In-Interest has received notice of this action in accordance with the Maine Rules of Civil Procedure. Me.R.Civ. P. 4(c)(2). [ECF 47]

d. The property upon which Plaintiff seeks to foreclose in this case is adequately described in ¶ 14 below.

2. The Defendant, Debra A. Lamonda is an individual with a last-known address of 74 Carmichael St, Apt E, Town of Presque Isle, County of Aroostook, and State of Maine.

3. This is an action for foreclosure and sale respecting 1107 Van Buren Road, Caribou ME, 04736 (the “Property”).

4. On or about August 11, 2006, Defendant executed and delivered a promissory note (the “Note”) to Plaintiff in the original principal amount of $143,200.00. A true copy of the Note is attached as **Exhibit 1** to the Complaint.

5. a. To secure the debt evidenced by the Note, and all extensions and renewals of that debt, the Defendant, on or about August 11, 2006, granted a mortgage (the "Mortgage" and with the Note, the "Loan Documents") against the Property (the "Property"), which Mortgage is recorded with in the North Aroostook County Registry of Deeds at Book 4323, Page 71. A true copy of the Mortgage is attached as **Exhibit 2** to the Complaint.

b. Defendant, Party-In-Interest, Midland Funding LLC may claim an interest in the property by virtue of a certain Writ of Execution dated September 19, 2013, and recorded with in the North Aroostook County Registry at Book 5236, Page 242 (the "Writ of Execution"). A true copy of the Writ of Execution is attached as Exhibit 3 to the Amended Complaint.

6. The Mortgage secures the obligations of the Defendant under the terms of the Note;

7. The Property is more particularly described in the Mortgage;

8. Under the terms of the Loan Documents, if Borrower defaults in the payment of the obligations evidenced by Note and secured by the Mortgage, Plaintiff may declare the entire amount due under the Note, and any other amounts owed to the Plaintiff under Mortgage, to be immediately due and payable in full and then, upon that acceleration of the Note, foreclose the mortgage by any method provided by law in the relevant jurisdiction.

9. Defaults now exist under the terms of the Note in that, among other things, the Defendant failed to make the monthly payment that came due under the Note on November 11, 2012, and all other payments that have come due thereunder.

10. Plaintiff has certified that it is the owner and holder of the Note and owner of the Mortgage, and that it is the party entitled to enforce the Note as the owner and holder of the same.

11. As a result of the defaults under the terms of the Note, the Defendant has breached the condition of the Mortgage.

12. As of January 15, 2025, the amount due and owing on the loan evidenced by the Note and secured by the Mortgage consisted of $132,470.24 in principal, $130,643.59 in accrued interest and $130,350.07 in other fees, for a total of $393,463.90. Additional interest continues to accrue on the principal balance at the default interest rate of 6.2500% per annum, which, in this case, works out to be $22.6833 per day from and after January 15, 2025, through the date hereof.

13. By virtue of the Borrower's and/or the Defendant's breach of a condition of the Mortgage, the Plaintiff has demanded a foreclosure on the Property.

14. As set forth in the Mortgage attached as **Exhibit 2** to the Complaint, the Property is bound and described as follows:

Parcel One: The following described parcel of land situated in that part of Caribou formerly "I" Township, County of Aroostook and State of Maine, bounded and described as follows, to wit:

Being a part of Lot Numbered Thirty-seven (37) and more particularly described as follows: Commencing at the northwest corner of those premises conveyed to Terry R. Guerrette and Louis Guerrette by Warranty Deed of Reginald J. Guerrette and Leola A. Guerrette dated January 31, 1975 and recorded in the Southern Aroostook Registry of Deeds in Volume 1168, Page 72 at an iron pin as the point and place of beginning, said point being located on the easterly side of the Caribou-Van Buren Road, so-called; thence running in an easterly direction along the northerly line of that parcel of land conveyed to Terry R. Guerrette and Louis Guerrette by Warranty Deed of Reginald J. Guerrette and Leola A. Guerrette dated January 31, 1975, a distance of four hundred forty-six (446) feet, more or less, to an iron pin; thence turning and running in a northerly direction on a line parallel to the said Caribou-Van Buren Road a distance of one hundred seventy-three (173) feet, more or less, to an iron pin; thence turning and running in a general westerly direction on a line parallel with the northerly line of that parcel of land conveyed by Reginald J. and Leola A. Guerrette to Terry R. and Louis Guerrette by Warranty Deed dated January 31, 1975 and recorded in Volume 1168, Page 72 a distance of four hundred forty-six (446) feet, more or less, to an iron pin; thence turning and running in a general southerly direction along the easterly side of the Caribou-Van Buren Road, so-called, a distance of one hundred seventy-three (173) feet, more or less, to the point and place of beginning.

Parcel Two: A certain lot or parcel of land, being part of Lot 37, "I" Township, City of Caribou, County of Aroostook and State of Maine, and more particularly described as follows:

Beginning at an iron pin located six hundred eighty (680) feet, more or less, east of the easterly limits of U.S. Route One, said point also being three hundred forty-five (345) feet S 23° 06' W from the north line of Lot #37, for the point of beginning; thence running N 71° W a distance of five hundred (500) feet to an iron pin; thence turning and running N 23° 06' E a distance of thirty (30) feet to an iron pipe; thence turning and running S 71° E a distance of five hundred (500) feet to an iron pin located on the east boundary of land owned by the Roman Catholic Bishop of Portland; thence turning and running S 23° 06' W a distance of thirty (30) feet to an iron pipe, the point of beginning. Meaning and intending to convey a parcel of land thirty (30) feet by five hundred (500) feet located on the southerly side of land now owned by the Roman Catholic Bishop of Portland. All bearings are magnetic and computed from an observed bearing. This parcel contains thirty-four hundredths (.34) acre, more or less.

Being the same premises conveyed to Debra A. LaMonda by Warranty Deed of Reginald J. Guerrette and Leola A. Guerrette and to be recorded simultaneously with this instrument.

15. As of September 15, 2026, the amount owing to Plaintiff under the terms of the Note and Mortgage was $428,969.53, consisting of the following:

| | |
|---|---|
| Principal: | $ 132,470.24 |
| Interest on Principal: | $ 115,389.73 |
| Subsidy Recapture: | $ 29,045.28 |
| Fees (Escrow & Property Preservation) | $ 37,738.90 |
| Interest Impoundment | $ 106,001.50 |
| Interest on Escrow | $ 1,609.65 |
| Late Fees: | $ 1,008.54 |
| Attorney Fees and Costs: | $ 5,705.69 |
| Total: | $ 428,969.53 |

16. The pre-judgment interest rate is 5.75%, *see* 14 M.R.S.A. § 1602-B, and the post-judgment interest rate is 9.48%, pursuant to 14 M.R.S.A. § 1602-C (the one year United States Treasury bill rate is the weekly average one-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the last full week of the calendar year immediately prior to the year in which post-judgment interest begins to accrue).

17. The Plaintiff is entitled to add any additional amounts advanced by Plaintiff to protect its mortgage security after the date of Judgment, and for any additional costs of sale hereafter incurred.

18. The order of priority of the claims of the parties who have appeared in this action is as follows:

FIRST: Plaintiff, by virtue of the Mortgage, in the above amounts and attorney's fees and costs.

SECOND: The surplus, if any, shall be paid to the clerk of this Court, who shall hold the surplus in escrow for 6 months for the benefit of the Defendant, the Defendant's successors, heirs or assigns and, if the surplus remains unclaimed after 6 months, the clerk shall pay the surplus to the Treasurer of State to be credited to the General Fund until it becomes unclaimed under the Uniform Unclaimed Property Act, and report and pay it to the State in accordance with that Act, all as provided in 14 M.R.S.A § 6324.

19. The Defendant waives all rights under the Foreclosure Diversion Program.

20. The Defendant waives all rights (i) of redemption which may arise pursuant to 14 M.R.S.A. § 6322, (ii) to file post-judgment motions, and (iii) of appeal.

21. Plaintiff's claim for attorney's fees is allowed pursuant to Federal Rule of Civil Procedure 54(d)(2)(A).

22. No deficiency judgment shall enter, and Plaintiff shall not attempt to collect any deficiency from Defendant. Defendant gives, and Plaintiff accepts, Defendant's consent to this judgment, Defendant's waiver of any right to dispute Plaintiff's claims, and Defendant's waiver of her statutory right of redemption in full satisfaction of the Note and Mortgage and any claim arising under the Note and Mortgage and the property referenced in the Mortgage, including the right to demand money from Defendant or attach or offset Defendant's assets, income, or federal benefits.

ACCORDINGLY, it is hereby **ORDERED**

A. Judgment:

a. Defendant, Debra A. Lamonda, (Lamonda) hereby consents, by and through undersigned counsel, to the entry of Judgment of Foreclosure and Order of Sale;

b. Defendant, Party-In-Interest, Midland Funding LLC having been joined pursuant to 14 M.R.S. § 6321 and properly served with process pursuant to Fed. R. Civ. P. 4(e)(1) [ECF 47]; and having failed to appear and defend, upon Motion, the Court entered an Order of Default [ECF 49];

B. Defendant, (Lamonda) having waived her rights to file post-judgment motions and having waived her rights to file an appeal, it is hereby expressly directed that final entry of Judgment of Foreclosure and an Order for Sale is entered on Plaintiffs' Complaint in favor of Plaintiffs;

C. Defendant, (Lamonda) having waived her right of redemption, Plaintiff, its successors and assigns, shall be immediately entitled to exclusive possession of the real estate, issuance of a writ of possession thereon, and Plaintiffs may sell the subject real estate, and disburse the proceeds of sale as follows:

FIRST, to the costs and expenses of sale;

SECOND, to payment of the Plaintiff's attorneys' fees and costs as detailed above in Paragraph Fifteen (15) hereof;

THIRD, to payment of the Plaintiffs' attorneys' fees for service rendered on or after the date of making herein as may be approved by this Court upon application made in conjunction with the report of sale, and costs;

FOURTH, to the Plaintiff, to satisfy the total claim due on the Mortgage as set forth above, through the date of sale; and

FIFTH, in the event there is a surplus over the preceding amounts, to the clerk of this Court, who shall hold the surplus in escrow for 6 months for the benefit of the Defendant, the Defendant's successors, heirs or assigns and, if the surplus remains unclaimed after 6 months, the clerk shall pay the surplus to the Treasurer of State to be credited to the General Fund until it becomes unclaimed under the Uniform Unclaimed Property Act, and report and pay it to the State in accordance with that Act, all as provided in 14 M.R.S.A § 6324.

D. If Defendant and anyone occupying the Property do not vacate the Property upon termination of the right to possession, Plaintiff may reopen this matter to seek a

Writ of Assistance and/or Writ of Possession to be served by the U.S. Marshals Service pursuant to Federal Rule of Civil Procedure 4.1(a) consistent with this Judgment.

E. The Clerk is hereby directed to enter this Order and Judgment of Foreclosure and Sale as a final judgment pursuant to F.R.Civ.P. 54(b), except as to any additional post-judgment Attorney's fees and disbursements or additional amounts advanced by Plaintiff related to its mortgage security.

**SEEN AND AGREED TO:**

**THE UNITED STATES DEPARTMENT OF AGRICULTURE**

/s/ *Stephean C. Chute*
Stephean C. Chute, Esq., Bar No. 06828
Braucher & Associates, PLLC
764 Chestnut Street, Suite 1
Manchester, NH 03104

**DEBRA A. LAMONDA**

/s/ *Thomas A. Cox*
Thomas A. Cox, Esq. Bar No. 1248
P.O. Box 1083
Yarmouth, ME 04096
tacsail@icloud.com

DATED: November 12, 2026

/s/ John A. Woodcock, Jr.
U.S. District Judge